[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-16232
Non-Argument Calendar

----------------------------------------

BIA No. A96-098-249

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

CIELO CASTRO ARANGO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------------

Petition for Review of an Order of the
Board of Immigration Appeals

------------------------------------------------------------------

(December 22, 2005)

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Cielo Castro Arango appeals from an order by the Board of Immigration Appeals denying asylum and further denying withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158, 1231. No reversible error has been shown; we affirm.

Arango, a native citizen of Colombia, was admitted to the United States as a non-immigrant tourist on 21 April 1999. She was authorized to remain in the country only until 10 May 1999, but she did not leave. Arango applied for asylum in the United States via an application dated 27 September 2002. On 4 December 2002 the Immigration and Naturalization Service served Arango with a notice to appear charging her with being an alien subject to removal under 8 U.S.C. § 1227(a)(1)(B). The immigration judge (IJ) denied Arango's asylum application, because it was not timely filed, and held that she failed to establish her eligibility for withholding removal.[1] The IJ ordered her removed, and the Board of Immigration Appeals (BIA) affirmed.

---

[1] The immigration judge further found that Arango failed to establish her eligibility for relief under the United Nations Convention Against Torture and Other Cruel, Unusual, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). The Board of Immigration Appeals affirmed the holding under CAT. Arango abandoned any CAT-related claims by failing to raise the issue on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We review the BIA's and IJ's[2] legal determinations *de novo* and their factual determinations under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Under the highly deferential substantial evidence test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). "To reverse the [BIA's and] IJ's fact findings, we must find that the record not only supports reversal, but *compels* it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (emphasis added).

Arango testified she fled Colombia because she feared reprisals by the Revolutionary Armed Forces of Colombia (the FARC), a guerilla organization, for her involvement with a conservative youth group. She further testified that she fears future persecution by the FARC if she were removed to Colombia. Arango described three threatening phone calls and threats made by FARC guerillas while she worked with the youth group in the Colombian countryside. She also described one incident at her college graduation in which she was threatened by someone who "may have been associated" with the FARC. And she believes her

---

[2]"We review only the [BIA's] decision, except to the extent it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case the BIA expressly adopted the IJ's decision; so we review the IJ's analysis as if it were the BIA's.

father and cousin were killed by the FARC. The IJ noted, however, that these beliefs were "steeped in speculation."

Due to the threats, Arango left her home and moved ten hours away to live with her sister for two weeks. During that period she did not experience problems with the FARC. Shortly afterward, Arango secured a visa and left Colombia for the United States.

At Arango's asylum hearing, the IJ determined that her asylum application was not timely filed. An alien may apply for asylum if she "demonstrates by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The Attorney General, however, may except from this timing requirement those applicants who demonstrate "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." Id. § 1158(a)(2)(D). The IJ held that Arango did not adequately demonstrate an exception to the one-year filing requirement.

8 U.S.C. § 1158(a)(3) states that "no court shall have jurisdiction" to review the Attorney General's determinations regarding the filing exceptions. We have held that section 1158(a)(3) divests us of jurisdiction "to review a decision regarding whether an alien complied with the one-year time limit or established

4

extraordinary circumstances that would excuse his untimely filing." Mendoza, 327 F.3d at 1287.

Aside from the jurisdictional issue, Arango failed to offer argument on whether the IJ erred in determining that her application was not timely. She therefore abandons that issue on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (concluding that where petitioner fails to raise arguments regarding issue on appeal, that issue is deemed abandoned). Accordingly, Arango's petition for review on her asylum claim is dismissed.

Arango also argues that her removal should be withheld. 8 U.S.C. § 1231(b)(3)(A) prohibits the Attorney General from removing Arango to a country if her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." Under this theory of relief, Arango "bears the burden of demonstrating that [she] more-likely-than-not would be persecuted or tortured upon [her] return to the country in question." Mendoza, 327 F.3d at 1287. Arango could have carried her burden had she adequately shown either incidents of actual past persecution on a protected ground or the likelihood of future persecution upon her return. The BIA and IJ held that Arango demonstrated neither.

We have said that persecution is an "extreme concept." Sepulveda, 401 F.3d at 1231. Demonstrating past persecution requires showing "more than a few isolated incidents of verbal harassment or intimidation," and "mere harassment does not amount to persecution." Id. (citing Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000)). In Sepulveda, we determined that where the petitioner and her family received threatening phone calls from guerillas and a bomb was planted at petitioner's place of employment, the evidence was not sufficient to overturn the IJ's denial of asylum and withholding removal. Id. at 1229, 1231. We stated that "menacing phone calls and threats...do not rise to the level of past persecution that would compel reversal of the IJ's decision." In a similar way, the FARC's threats and menacing phone calls to Arango and her family do not amount to the kind of past persecution necessary to reverse the IJ's decision. And other incidents to which she testified, such as the death of her father and cousin, were described by the IJ as "unclear," "steeped in speculation," and mere "conjecture." These facts do not *compel* reversal.

An alien who cannot adequately demonstrate past persecution may still be entitled to withholding of removal if she can demonstrate that removal will cause a future threat to her life or freedom on a protected ground. Mendoza, 327 F.3d at

6

1287.  Any such demonstration fails, however, "if the IJ finds that the alien could avoid a future threat by relocating to another part of [her] country."  Id.

Arango failed to demonstrate that she could not avoid persecution by relocating to another part of Colombia.  The IJ found that, although guerilla groups like the FARC have significant influence in the rural areas of Colombia, their influence is considerably less in the country's major cities.  In fact, the record below shows that Arango did not experience problems during the period in which she left her home and lived with her sister.  The IJ further found that, prior to leaving Colombia for the U.S., Arango did not adequately try to "avoid this geographical source of danger," by moving to another part of Colombia.  We have said that "where the alleged persecutors are not affiliated with the government, it is not unreasonable to require a refugee who has an internal resettlement alternative in [her] own country to pursue that option before seeking permanent resettlement in the United States."  Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001).  On this record, Arango failed to demonstrate that it is more-likely-than-not that she will suffer persecution upon removal because she did not demonstrate that she could not have avoided persecution by relocating within her country.  Accordingly, we deny Arango's petition on withholding removal.

Based on the foregoing, we dismiss the petition for review for the asylum claim and deny the petition for the withholding of removal claim.

DISMISSED in part and DENIED in part.